TALLMAN, Circuit Judge,
with whom N.R. SMITH, Circuit Judge, and BURGESS, District Judge, join, concurring:
The California Court of Appeal, viewing the entire record in context, reasonably determined that the detectives made no effort to coerce, intimidate, or harass Cliett into talking; the detectives were surprised when Cliett allegedly invoked his right to remain silent in light of his prior cooperation and initial indication that he was willing to talk; the detectives’ responses to the purported invocation were “exclamations of surprise”; and, immediately after those exclamations, Cliett stated, “I’ll talk,” and signed a written Miranda waiver. Based on these factual determinations, I would hold that the Court of Appeal reasonably concluded that, taken in context, Cliett failed to unambiguously and unequivocally invoke his right to remain silent.
However, our prior precedents, dealing with a state court’s conclusion that surrounding circumstances similar to those presented here make an invocation ambiguous, hold that such a conclusion was contrary to and an unreasonable application of clearly established Supreme Court authority. See Anderson v. Terhune, 516 F.3d 781, 787 (9th Cir.) (en banc), cert. denied, Cate v. Anderson, 555 U.S. 818, 129 S.Ct. 344, 172 L.Ed.2d 29 (2008). As I have expressed in the past, I disagree not only with this reading of Miranda and its progeny, but also with the utter lack of deference it accords to state courts’ reasoned decisions. See, e.g., id. at 797-801 (Tall-man, J., dissenting); Doody v. Ryan, 649 F.3d 986, 1029-30 (9th Cir.) (en banc) (Tallman, J., dissenting), cert. denied, — U.S.-, 132 S.Ct. 414, 181 L.Ed.2d 287 (2011). Nevertheless, I am bound by our precedents to the extent that they have declared what constitutes clearly established law. See, e.g., Byrd v. Lewis, 566 F.3d 855, 860 n. 5 (9th Cir.2009).
I therefore reluctantly concur.